UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-104-TS |
| | ) | |
| MICHAEL A. KING, JR. | ) | |

**OPINION and ORDER**

Before the Court is the government's Motion to Cancel Suppression Hearing [DE 22], filed March 13, 2008. The government states that it no longer believes that the Defendant, Michael A. King, Jr., is entitled to an evidentiary hearing for his pending suppression motion because of caselaw the government has found.

On December 19, 2007, the Defendant was indicted on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The charge stemmed from a November 9, 2007, traffic stop where police officers saw a handgun in the vehicle in which the Defendant was a passenger.

The motion to suppress states that police conducted an impermissible search, and it seeks to have the Court exclude the evidence found as a result of the search as well as the subsequent statements made by the Defendant.

During a telephone conference on February 21, 2008, the government and Defendant agreed to an evidentiary hearing for a suppression motion that the Defendant planned to file. The Defendant filed the motion [DE 16] on February 26, 2008. The hearing was originally set for April 7, 2008, and then rescheduled for May 22, 2008.

The government states that *Maryland v. Wilson*, 519 U.S. 408 (1997), eliminates the need for an evidentiary hearing. *Wilson* held that a police officer conducting a traffic stop may order a

passenger out of the vehicle "as a matter of course" pending completion of the stop. *Id.* at 410. The government states that, because of this holding, the Defendant is incorrect that a hearing is needed to discover whether the officers had a reasonable suspicion in order to open the car door on the passenger side, where the Defendant was sitting.

A number of issues and facts remain unclear in this case. It is not clear how an officer's legal authority to order a passenger out of the vehicle equates to the act of an officer physically opening a passenger door (and the authority to do so, if any is required) and then observing a gun. The factual details of the traffic stop also are not clear. The Defendant's motion and memorandum in support contain a bare-bones factual recital of what occurred.

Accordingly, the government's motion is DENIED WITHOUT PREJUDICE. The Court will hear argument from the government and the Defendant on this and all related issues at the evidentiary hearing, which remains set for Thursday, May 22, 2008, at 10:00 a.m.

So ORDERED on May 15, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT